UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI PORTNOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN K. DELANEY and TROY L NUNLEY,<br><br>　　　　　Defendants. | No. 2:15-cv1389 MCE AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

## I. SCREENING STANDARD

　　　　The federal in forma pauperis statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly), and resolve all doubts in the plaintiff's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)).  The court need not accept as true, legal conclusions "cast in the form of factual allegations."  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.  ALLEGATIONS OF THE COMPLAINT

On February 10, 2014, plaintiff filed a lawsuit in this court against his former employer.  Complaint (ECF No. 1) ¶ 3; see Portnoy v. Veolia Transportation Services, Inc., 2:14-cv-0423 TLN CKD (E.D. Cal.).  On February 24, 2014, the defendant magistrate judge assigned to the case, Hon. Carolyn K. Delaney, filed an Order and Findings and Recommendations ("Findings and Recommendations"), recommending that the case be dismissed with prejudice on the grounds of res judicata.  Complaint ¶ 8.  Plaintiff alleges that this was a "false dismissal," that the "Magistrate judge deliberately lied," and that in fact, the case was an "absolutely different action."  Id.  On April 16, 2014, the defendant district judge assigned to the case, Hon. Troy L.

1  Nunley, adopted the Findings and Recommendations.  Id. ¶ 23.  Plaintiff alleges that this was a
2  "'False Order'" that was issued under the "Rubber Stamp Doctrine."  Id.  On September 26, 2014,
3  an appellate panel of "Tallman, Clifton, and Nguyen, Circuit Judges," summarily affirmed the
4  "'False Order,'" also under the "Rubber Stamp Doctrine."  Id. ¶ 24.

5  Plaintiff filed this lawsuit under the authority of Bivens v. Six Unknown Narcotics
6  Agents, 403 U.S. 388 (1971).  Complaint at 1.  The complaint alleges that defendants violated
7  plaintiff's Fifth Amendment due process rights by dismissing his case sua sponte and without a
8  hearing, by invoking res judicata to dismiss the case, by issuing a dismissal order that was a
9  "'fraud upon the court,'" and by failing to address key issues.  Complaint at 7-20.  Plaintiff
10 further alleges that this conduct violated his Seventh Amendment right to a jury trial.  Id. at 20.
11 Finally, plaintiff alleges that the district judge "violated his *de novo* respon[s]ibilities."  Id.
12 at 20-21.  Plaintiff seeks injunctive relief – the reopening and adjudication of 2:14-cv-0423 –
13 along with declaratory relief, and the costs of litigation.  Id. at 20.

14                                III.  ANALYSIS

15 Federal judges are absolutely immune from suit where, as here, they are sued for their
16 judicial actions.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (citing Forrester v.
17 White, 484 U.S. 219, 227-229 (1988) and Stump v. Sparkman, 435 U.S. 349, 356-57 (1978));
18 Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir. 1986) (federal judge enjoys
19 absolute judicial immunity when sued for actions that "were judicial in nature and were not done
20 in clear absence of all jurisdiction").  Moreover, this immunity exists for suits such as this one,
21 seeking only injunctive and declaratory relief.  Mullis v. U.S. Bankruptcy Court for Dist. of
22 Nevada 828 F.2d 1385, 1394 (9th Cir. 1987) ("We hold that when a person who is alleged to have
23 caused a deprivation of constitutional rights while acting under color of federal law can
24 successfully assert judicial or quasi-judicial immunity from damages, that immunity also will bar
25 declaratory and injunctive relief"), cert. denied, 486 U.S. 1040 (1988).[1]

26 Because the only defendants named in this lawsuit are absolutely immune from this

---

[1] Mullis distinguished Pulliam v. Allen, 466 U.S. 522 (1984), which declined to extend absolute judicial immunity from injunctive actions to a state Magistrate.  Mullis, 828 F.2d at 1391-94.

lawsuit, it is frivolous, fails to state a claim upon which relief can be granted, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 3) is GRANTED, and

IT IS HEREBY RECOMMENDED THAT plaintiff's complaint be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 11, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE